UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

WINSLOW HUNTER,

        Petitioner,

  -v-                                                                   No. 04 Civ. 4058 (LTS)(DFE)

HERBERT MCLAUGHLIN, Superintendent,
Hudson Correctional Facility,

        Respondent.

-----------------------------------------------------------x

## MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION

On October 31, 2006, Magistrate Judge Douglas F. Eaton issued a Report and Recommendation ("Report") recommending that Petitioner Winslow Hunter's ("Petitioner") habeas corpus petition be denied. (Docket Entry No. 11.) Timely objections to the Report were received from Petitioner, and Respondent filed a response to Petitioner's objections, without making any objections of its own. Several months later, Petitioner submitted a supplemental letter-brief appending a 2007 New York Court of Appeals decision, to which Respondent also responded. The Court has reviewed thoroughly all of these submissions.

When reviewing a Report and Recommendation, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C.A. § 636(b)(1)(C) (West Supp. 2006). The court must make a de novo determination to the extent that a party makes specific objections to a magistrate's findings. United States v. Male Juvenile, 121 F.3d 34, 38 (2d Cir. 1997). To the extent, however, that the party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review

the Report strictly for clear error.  See Pearson-Fraser v. Bell Atl., No. 01 Civ. 2343 (WK), 2003 WL 43367, at *1 (S.D.N.Y. Jan. 6, 2003); Camardo v. Gen. Motors Hourly-Rate Employees Pension Plan, 806 F. Supp. 380, 382 (W.D.N.Y. 1992); Vargas v. Keane, No. 93 Civ. 7852 (MBM), 1994 WL 693885 at *1 (S.D.N.Y. Dec. 12, 1994).  Objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate judge's proposal.  Camardo, 806 F. Supp. at 381-82.

The Court has considered thoroughly all of Petitioner's submissions in support of his objections, and has considered de novo all of the points raised.  For the following reasons, in addition to the reasons set forth in Judge Eaton's thorough and well-reasoned Report, the Court adopts Judge Eaton's recommended conclusion and denies Petitioner's habeas corpus petition.

Familiarity with the trial court proceedings and transcripts, as well as the contents of the Report itself, is presumed.  Therefore, the Court only recounts the following basic facts.  Petitioner pleaded guilty to attempted murder in the second degree before the Supreme Court of the State of New York in New York County on November 22, 1999.  On appeal, Petitioner sought to withdraw his plea, arguing that the trial court's allegedly unconstitutional denials of his right to represent himself resulted in an involuntary guilty plea.  The Appellate Division rejected his argument on procedural default grounds, noting that he "did nothing to call the [trial] court's attention to such a claim at any stage of the proceeding."  People v. Hunter, 300 A.D.2d 5, 5 (1st Dep't 2002).  In New York, a defendant must notify the trial court, by motion or otherwise, of his request to withdraw a guilty plea on a specific basis in order to preserve that issue for appeal, with limited exceptions.  See People v. Louree, 8 N.Y.3d 541 (2007); People v. Lopez, 71 N.Y.2d 662 (1988) (citing N.Y. Crim. Proc. Law § 470.05(2)); People v. Mackey, 77 N.Y.2d 846, 847 (1991).

Federal district courts are precluded from reviewing the merits of a state prisoner's

habeas corpus petition if the challenged state court decision rests on a state law ground, procedural or substantive, that is independent of the federal question and adequate to support the judgment. See Coleman v. Thompson, 501 U.S. 722, 729-30 (1991); Lee v. Kemna, 534 U.S. 362, 375 (2002). With respect to adequacy, "the state law ground is only adequate to support the judgment and foreclose review of a federal claim if it is 'firmly established and regularly followed' in the state." Garvey v. Duncan, 485 F.3d 709, 713 (2d Cir. 2007) (quoting and citing Lee, 534 U.S. at 376). "Further, in certain limited circumstances, even firmly established and regularly followed state rules will not foreclose review of a federal claim if the application of the rule in a particular case is 'exorbitant.'" Id. at 713-14. In other words, "[t]hough a rule in general terms might be considered 'firmly established and regularly followed,' such a rule considered in the specific circumstances of a case might be inadequate to preclude federal habeas review." Monroe v. Kuhlman, 433 F.3d 236, 241 (2d Cir. 2006).

In Lee, the Supreme Court considered three factors in determining whether the application of the state procedural rule was "exorbitant" in that case. The three factors are:

> (1) whether the alleged procedural violation was actually relied on in the trial court, and whether perfect compliance with the state rule would have changed the trial court's decision; (2) whether state caselaw indicated that compliance with the rule was demanded in the specific circumstances presented; and (3) whether petitioner had "substantially complied" with the rule given "the realities of trial," and, therefore, whether demanding perfect compliance with the rule would serve a legitimate governmental interest.

Cotto v. Herbert, 331 F.3d 217, 240 (2d Cir. 2003). Whether the rule serves a "legitimate governmental interest" must be analyzed with reference to the "particular application" of the rule in the specific case at hand. Id. These factors are not a "three-prong test: they are guideposts to aid inquiry . . . ." Clark v. Perez, 510 F.3d 381, 391 (2d Cir. 2008).

Petitioner argues that the Report erred in finding that the procedural default ground

upon which the Appellate Division relied was "adequate" to preclude federal habeas review. Specifically, Petitioner's objection faults the Report for failing to consider the three Lee factors. Taking the Lee factors into consideration, the Court finds that they point to the same conclusion of adequacy arrived at by the Report.

With respect to whether the alleged procedural violation was actually relied on in the trial court, the parties do not dispute that this aspect of the first factor is not applicable because the lack of any motion to withdraw the guilty plea on the specific Sixth Amendment basis asserted by Petitioner could not possibly have been mentioned by the trial court, because the trial court could not have known that the issue existed. Therefore, this aspect is discounted in the Court's analysis. See Cotto, 331 F.3d at 242 (discounting this aspect of first factor where procedural default was failure to preserve objection); Clark, 510 F.3d at 391 n.4 (same, where procedural default was failure to timely appeal).

The Court next considers whether perfect compliance with the state rule would have changed the trial court's decision. Analysis of this portion of the first factor "involves a certain degree of speculation," Cotto, 331 F.3d at 243, but upon a careful review of the record the Court cannot find that perfect compliance with the state rule would not have changed the trial court's decision, as Petitioner asserts. While the trial court was unquestionably aware of Petitioner's desire to represent himself generally, nothing on the record indicates that the trial court had any awareness whatsoever of Petitioner's claim that the denials of his request to represent himself coerced him into pleading guilty. See id. at 242 (noting that "the trial court was certainly aware of defense counsel's desire to cross-examine Echevarria," in case where state appellate court denied defendant's challenge

of trial court's prohibition of the cross-examination because of his failure to preserve the issue).[1]  At sentencing, Petitioner's motion to withdraw his guilty plea was based on two grounds completely unrelated to the trial court's denial of his request to represent himself.  See Sentencing Tr. at 12-13 ("in effect the defendant . . . has made a motion to withdraw his plea of guilty as I see it, on two grounds, one that the sentence of 9 to 18 years is an invalid sentence based on the crime he's plead guilty to, . . . and the second ground being that the sentence is the result of prosecutorial vindictiveness.").  Cf. Garvey, 485 F.3d at 717 ("when a court rules against suppressing evidence on one ground that ruling does not preserve for appeal all other potential grounds for suppressing that evidence").  After the trial court articulated its understanding of the grounds upon which Petitioner sought to withdraw his guilty plea, Petitioner made no attempt to correct the trial court.  Without anything alerting the trial court to Petitioner's specific grievance that his plea was involuntary as a result of the prohibition of his self-representation, the Court cannot conclude that the trial court would still have denied his motion to withdraw his plea if he had specifically presented that involuntariness argument.  Therefore, the first Lee factor does not favor Petitioner.  See id. at 719 (first factor weighed against petitioner, when compliance with the procedural rule would have at least given the trial court "the opportunity to consider" the issue, whether or not the trial court would have ultimately ruled differently).

With respect to the second factor, the Court considers whether state case law indicated that compliance with the rule was demanded in the specific circumstances presented.  There is ample case law holding that a defendant must notify the trial court of his request to withdraw a guilty plea

---

[1] The Cotto court ultimately found that the first factor did not weigh strongly in petitioner's favor, notwithstanding the trial court's awareness of the contested issue at hand, because "the purpose of the contemporaneous objection rule is to give the trial court a clear opportunity to correct any error."  Cotto, 331 F.3d at 243.

on a specific basis in order to preserve that issue for appeal. See, e.g., People v. Clarke, 93 N.Y.2d 904, 906 (1999); People v. Johnson, 82 N.Y.2d 683, 685 (1993); People v. Pellegrino, 60 N.Y.2d 636, 637 (1983). None of the decisions cited by Petitioner casts any doubt on this rule,[2] nor has Petitioner demonstrated that his case falls under any of the narrow exceptions to the rule. See People v. Lopez, 71 N.Y.2d 662, 665-66 (1988) (preservation not required for withdrawal motion where defendant alleges that his factual recitation during plea allocution negates an essential element of the crime pleaded to); People v. Louree, 8 N.Y.3d 541, 545-46 (2007) (preservation not required for withdrawal motion where trial court failed to inform defendant of post-release supervision).

Petitioner relies primarily on a recent Appellate Division split that was later resolved by the Court of Appeals as support for his claim that the procedural rule was not firmly established as applied to his case. See People v. Louree, 28 A.D.2d 680 (2d Dep't 2006); People v. Simpson, 30 A.D.3d 1112 (4th Dep't 2006); People v. Louree, 8 N.Y.3d 541 (2007). However, not only were these cases decided well after the Appellate Division denied Petitioner's claim in 2002, see Monroe, 433 F.3d at 244 (rejecting petitioner's citation of case decided "three years after [petitioner's] case was decided by the Court of Appeals"), these cases addressed the narrow issue of whether the preservation rule could be waived in the particular case where a defendant wishes to withdraw his guilty plea on the basis that the trial court failed to inform the defendant of post-release supervision. See Louree, 8 N.Y.3d at 545-46 ("where a trial judge does not fulfill the obligation to advise a defendant of postrelease supervision during the plea allocution, the defendant may challenge the plea as not knowing, voluntary and intelligent on direct appeal, notwithstanding the absence of a

---

[2] Several cases cited by Petitioner simply do not address the issue of whether the defendant's motion to withdraw a guilty plea was preserved on appeal. See, e.g., People v. Marincic, 2 N.Y.2d 181 (1957); People v. Banner, 5 N.Y.2d 109 (1958); People v. Allen, 39 N.Y.2d 916 (1976); People v. Callahan, 80 N.Y.2d 273 (1992); People v. Shields, 205 A.D.2d 833 (3d Dep't 1994).

postallocution motion."). Therefore, the second Lee factor weighs heavily against Petitioner.

The final factor concerns whether Petitioner "substantially complied" with the rule, and Petitioner relies solely on the fact that he had requested to represent himself on three separate occasions. For the reasons explained above in connection with the first factor, these requests, made before the plea was entered, did not provide any degree of notice to the trial court of the defendant's belief that his later plea of guilty was coerced by the court's previous denials of his request to represent himself. Petitioner cites no decisions making such an attenuated connection. Moreover, when considering the "realities" of the trial court proceedings, the Court is further persuaded that Petitioner did not "substantially comply" with the rule, if he can be said to have complied at all. Petitioner had over a month between the time he entered his plea and his sentencing to indicate whether he wished to withdraw his plea on the particular basis asserted here. During the sentencing hearing, the trial court again gave Petitioner a full opportunity to express himself before sentence was imposed, see Sentencing Tr. at 6 ("Is there anything else that you would like to say before I impose sentence, Mr. Hunter?"), and Petitioner used that opportunity to air various grievances, which did not include the matter at issue here. See id. at 6-12. Therefore, the final Lee guidepost does not suggest that the Appellate Division's application of the procedural default rule was "exorbitant" in this case.

The state has a legitimate interest in ensuring that issues are properly preserved on appeal. Failure to provide the trial court of any notice of a request to withdraw a plea on a particular basis "denies the trial court the opportunity to address the perceived error and to take corrective measures." Louree, 8 N.Y.3d at 545 (quoting Lopez, 71 N.Y.2d at 665-66 (1988)). "The requirement that a claim must be timely raised in order to create a question of law is grounded in large part in the need to preserve limited judicial resources and avoid untoward delay in the resolution of criminal proceedings." Lopez, 71 N.Y.2d at 665 (quoting People v. Micahel, 48 N.Y.2d 1, 6

(1979)). Having applied the three Lee factors to the particular facts of this case, and finding that each weighs against Petitioner, the Court finds that the state's interest in judicial economy as expressed in its preservation rule is no less legitimate when applying the preservation rule to a case such as Petitioner's. The Court therefore finds that the procedural default upon which the Appellate Division relied sufficiently "adequate" to preclude federal habeas review.

Because the Court concurs with the Report's conclusion as to adequacy, the Court need not address Petitioner's remaining objections.

## CONCLUSION

For the foregoing reasons, the Court adopts the Report to the extent it concludes that the petition is procedurally barred, and denies Petitioner's petition for a writ of habeas corpus. The Clerk of Court is respectfully requested to close this case.

Dated: New York, New York
      February 20, 2008

                                                LAURA TAYLOR SWAIN
                                                United States District Judge